# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ESTHER AMBRIZ, RAFAEL AMBRIZ, | CASE NO. 09cv1510 DMS (CAB) |
|---|---|
| Plaintiffs, vs. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| QUALITY LOAN SERVICE CORP, a California Corporation, et al., | **[Docket No. 10]** |
| Defendants. | |

This case comes before the Court on Defendant JP Morgan Chase Bank N.A.'s motion to dismiss Plaintiffs' First Amended Complaint. Plaintiffs filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants Defendant's motion.

## I.

## BACKGROUND

On or about February 28, 2007, Plaintiffs Esther and Rafael Ambriz purchased a home in Fallbrook, California. Defendant EJ Mortgage, Inc. ("Defendant EJ") was the mortgage broker for Plaintiffs' purchase of the home. (First Am. Complaint ("FAC") at ¶ 14.) As part of the loan process, Defendant EJ requested information about Plaintiffs' income. (*Id.* at ¶ 18.) Plaintiffs provided that information, but allege they were unable to qualify for the loan based on their actual income. (*Id.* at ¶¶ 19, 24.) Plaintiffs allege Defendant EJ inflated Plaintiffs' income on the loan application so the loan would be approved. (*Id.* at ¶¶ 24-25.) Plaintiffs also allege the closing packet they received from

1  Defendant EJ was deficient in that: (1) The Notice of Right to Cancel did not state a transaction date
2  or expiration date for the rescission period, (2) the closing packet did not include two copies of the
3  Notice of Right to Cancel, (3) there were no initial or final disclosures, (4) the actual finance charge
4  was more than the disclosed finance charge, (5) the actual annual percentage rate ("APR") was more
5  than the disclosed APR, and (6) Defendant EJ failed to disclose that Plaintiffs would be responsible
6  for a yield spread premium ("YSP") payment of $7,254 to Defendant EJ.  Plaintiffs were unable to
7  make their payments on the loan, and their home was thereafter sold at a foreclosure sale.

8  On July 13, 2009, Plaintiffs filed the present case against Defendants Quality Loan Service
9  Corp. and Washington Mutual Bank, FA.  The original complaint alleged eighteen claims for relief,
10 including: (1) intentional misrepresentation, (2) breach of fiduciary duty, (3) breach of the covenant
11 of good faith and fair dealing, (4) declaratory relief, (5) quiet title, (6) violation of the Equal Credit
12 Opportunity Act ("ECOA"), (7) predatory lending, (8) negligence, (9) usury, (10) accounting, (11)
13 violations of the Truth in Lending Act ("TILA") and the Home Owners Equity Protection Act
14 ("HOEPA"), (12) violation of the Real Estate Settlement Procedures Act ("RESPA"), (13) violation
15 of the Fair Credit Reporting Act ("FCRA"), (14) slander of title, (15) violation of California Civil
16 Code § 1632, (16) violation of California Business and Professions Code § 17200, (17) violation of
17 California Civil Code § 2923.6, and (18) violation of California Civil Code § 2923.5.

18 After the Court held a status conference with counsel, Plaintiffs filed the FAC.  The FAC
19 renames Defendants Quality Loan Service Corp. and Washington Mutual Bank, FA, and also names
20 Defendants EJ and JP Morgan Chase National Corporate Services, Inc.  Plaintiffs have dropped claims
21 (7), (9), (13), (14), (17) and (18) in the FAC, and have added a claim for breach of contract.  In
22 response to the FAC, Defendant JP Morgan Chase filed the present motion.

## II.

## DISCUSSION

25 Defendant JP Morgan Chase moves to dismiss the FAC in its entirety.  It argues Plaintiffs have
26 failed to satisfy the pleading requirements for each individual claim.  Plaintiffs state they did not
27 intend to assert the breach of fiduciary duty claim against Defendant JP Morgan Chase.  (Opp'n to
28 Mot. at 10.)  Therefore, the Court will not address that claim here.  Plaintiffs also state they are

"willing to concede" on their bad faith, ECOA and negligence claims. (*Id.*) Plaintiffs do not explicitly concede their accounting, breach of contract or § 1632 claims, but they fail to address these claims in their opposition to the motion. Accordingly, the Court dismisses these claims with prejudice as against Defendant JP Morgan Chase. The remainder of Plaintiffs' claims are discussed below.

**A.     Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.     Intentional Misrepresentation**

Plaintiffs' first claim for relief is for intentional misrepresentation. Defendant JP Morgan Chase argues this claim should be dismissed because Plaintiff has failed to satisfy Federal Rule of Civil Procedure 9(b).

A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations in the FAC do not meet this standard. Indeed, Plaintiffs fail to identify any individual at Defendant JP Morgan Chase, what that individual said or did to Plaintiffs, or when or where that conduct occurred. Plaintiffs allege, in general terms, that Defendant JP Morgan Chase "took over" Plaintiffs' loan "as either investor, and/or servicer[,]" (FAC at ¶ 62), and that Defendant thereafter

1 "continued the concealment and fraud by [Defendant] EJ[,]" (*id.* at ¶ 64), but these allegations do not
2 satisfy Rule 9(b). Furthermore, they do not set forth any facts to support the first element of a fraud
3 claim, namely, a false representation. Absent any facts to support this claim against Defendant JP
4 Morgan Chase and absent compliance with Rule 9(b), the Court grants the motion to dismiss this
5 claim as against Defendant JP Morgan Chase.

**C.    Declaratory Relief**

7 The next claim at issue in this motion is Plaintiffs' claim for declaratory relief. Defendant
8 argues this claim should be dismissed because the relief Plaintiffs seek is available through other
9 claims. Plaintiffs do not address this argument. Accordingly, the Court grants the motion to dismiss
10 this claim as against Defendant JP Morgan Chase.

**D.    Quiet Title**

12 Plaintiffs' next claim is for quiet title. Defendant JP Morgan Chase argues Plaintiffs have
13 failed to submit a verified complaint, they have no legal title to the property, and they have not offered
14 to tender their unpaid debt, therefore this claim should be dismissed.

15 Plaintiffs do not dispute that their FAC is not verified. Also, they do not dispute their lack of
16 legal title to the property. Both of these circumstances are fatal to Plaintiffs' claim. *See* Cal. Code
17 of Civ. P. § 761.020 (requiring quiet title complaint to be verified); *Lewis v. Superior Court*, 30 Cal.
18 App. 4th 1850, 1866 (1994) (citing *Stafford v. Ballinger*, 199 Cal. App. 2d 289, 294-95 (1962)) (stating
19 "the holder of equitable title cannot maintain a quiet title action against the legal owner.") Indeed,
20 Plaintiffs' lack of legal title to the property defeats their standing to bring this claim. *See Lewis*, 30
21 Cal. App. 4th at 1866 (stating plaintiff with equitable title only has no standing to bring quiet title
22 action). Accordingly, the Court grants the motion to dismiss this claim as against all Defendants.

**E.    TILA and HOEPA**

24 The next claim at issue is Plaintiffs' claim that Defendants violated TILA and HOEPA.
25 Defendant JP Morgan Chase argues Plaintiffs' damages claim under TILA is untimely, and therefore
26 should be dismissed. Defendant also argues rescission under TILA does not apply to Plaintiffs' loans.
27 Finally, Defendant asserts Plaintiffs' HOEPA claim is time-barred, and Plaintiffs have failed to allege
28 facts to support the application of HOEPA to Plaintiffs' loans.

### 1. TILA Claim for Damages

TILA provides a one-year statute of limitations that begins to run from "the occurrence of the violation." 15 U.S.C. § 1640(e). Generally, the violation occurs "at the time the loan documents were signed." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In this case, that date appears to be February 28, 2007. The present case was not filed until July 13, 2009, more than one year after that date. Therefore, Plaintiffs' claim for damages under TILA is untimely.

In their opposition to the present motion, Plaintiffs argue they are entitled to equitable tolling of the statute of limitations for their damages claim under TILA. Although equitable tolling may apply to TILA claims, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiffs have failed to allege any facts to support equitable tolling in the FAC. Accordingly, the Court grants the motion to dismiss Plaintiffs' TILA claim for damages as against all Defendants as time-barred.[1]

### 2. TILA Claim for Rescission

Turning to Plaintiffs' TILA claim for rescission, Defendant JP Morgan Chase argues that claim must be dismissed because the loans at issue were not subject to TILA's rescission remedy. Specifically, Defendant argues Plaintiffs' claim for rescission fails because the loans at issue were purchase money mortgages, and purchase money mortgages are not subject to TILA's rescission provisions. Plaintiffs do not dispute this argument.

Rescission under TILA is not available for a "residential mortgage transaction," 15 U.S.C. § 1635(w), which is defined as "a transaction in which a mortgage, deed of trust...or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). "Thus, while home equity loans and refinancing transactions could be amenable to rescission, Plaintiff's purchase money mortgage is not." *Watts v. Decision One Mortg. Co., LLC*, No. 09cv0043 JM (BLM), 2009 WL 1657424, at *3 (S.D. Cal. June 11, 2009). Accordingly, the Court grants the motion to dismiss Plaintiffs' TILA claim for rescission as against all Defendants.

---

[1] TILA's one-year statute of limitations also applies to Plaintiffs' claim under HOEPA. 15 U.S.C. § 1640(e); *Hernandez v. First American Loanstar Trustees Services*, No. 10cv0119 BTM(WVG), 2010 WL 1445192, at *3 (S.D. Cal. Apr. 12, 2010). Accordingly, for the reasons set out above, the Court also dismisses Plaintiffs' HOEPA claim as time-barred.

**F.     RESPA**

The next claim at issue alleges Defendants violated RESPA. Specifically, Plaintiffs allege Defendants failed to provide certain documents in connection with the loan, (*see* FAC at ¶ 141), and violated 12 U.S.C. §§ 2607 and 2608. Defendant JP Morgan Chase asserts there is no private right of action for violations of the first sort, and the claims for violations of Sections 2607 and 2608 are time-barred.

Although not entirely clear, the legal basis for the first RESPA violation appears to be 12 U.S.C. § 2604. This statute requires that lenders provide certain documents and disclosures to borrowers in connection with real estate loans. However, there is no private right of action for violations of this statute. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (holding there is no private right of action for violations of 12 U.S.C. § 2604(c)).

As for the alleged violations of Sections 2607 and 2608, Defendant is correct that those claims are time-barred. RESPA claims are subject to a one-year limitations period, and accrue at closing. 12 U.S.C. § 2614; *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (5th Cir. 2003). As stated above, Plaintiffs' loan closed on or around February 28, 2007, and they did not file the present case until July 13, 2009. Accordingly, the Court grants the motion to dismiss Plaintiffs' RESPA claim as against all Defendants.

**G.     California Business and Professions Code § 17200**

The last claim at issue in this motion is Plaintiffs' claim that Defendants violated California Business and Professions Code § 17200. Defendant JP Morgan Chase argues this claim should be dismissed because Plaintiffs lack standing, and because Plaintiff has failed to plead the existence of an unfair, unlawful or fraudulent business practice.

1.     Standing

California Business and Professions Code § 17204 sets out the statutory standing requirements for section 17200 claims. It states that individual claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Defendant JP Morgan Chase asserts Plaintiffs have failed to allege either of these elements in the FAC, but the Court disagrees. Plaintiffs' allege they were deprived of "equity"

1 in their home as a result of Defendants' conduct. (FAC at ¶¶ 154-55.) These allegations are sufficient to withstand Defendant's motion to dismiss this claim for lack of standing.

### 2. Unfair, Unlawful or Fraudulent Business Practice

Next, Defendant JP Morgan Chase argues that Plaintiffs have failed to allege that it engaged in an unfair, unlawful or fraudulent business practice. On this point, the Court agrees with Defendant. The specific allegations supporting this claim are vague and conclusory. Plaintiffs fail to describe Defendants' unfair, unlawful or fraudulent conduct, fail to identify how that conduct was unlawful, and fail to set forth any facts supporting their claim of fraudulent conduct, much less facts sufficient to satisfy Rule 9(b). Accordingly, the Court grants the motion to dismiss this claim as to Defendant JP Morgan Chase.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendant JP Morgan Chase's motion to dismiss. Plaintiffs' bad faith, ECOA, negligence, accounting, breach of contract and Section 1632 claims are dismissed with prejudice as against Defendant JP Morgan Chase only. Plaintiffs' quiet title claim is dismissed without prejudice as against all Defendants. Plaintiffs' rescission claim under TILA is dismissed with prejudice as against all Defendants. Plaintiffs' intentional misrepresentation, declaratory relief, TILA damages, HOEPA, RESPA and Section 17200 claims are dismissed without prejudice as against Defendant JP Morgan Chase only.

In accordance with Plaintiffs' request, Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiffs are cautioned that if their Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before

///
///
///
///
///

1 | May 28, 2010. Plaintiffs shall also contact the Magistrate Judge's chambers to schedule an Early
2 | Neutral Evaluation Conference within 30 days of the filing of this Order, at which time all pretrial and
3 | trial dates shall be set.
4 | **IT IS SO ORDERED.**
5 | DATED: May 20, 2010

HON. DANA M. SABRAW
United States District Judge